UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS DUGAN, et al.,

      Plaintiffs,

      v.

CITY OF COLUMBUS, OHIO, et al.,

      Defendants.

Case No. 2:15-cv-2698
JUDGE GREGORY L. FROST
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) Plaintiffs' motion for summary judgment (ECF No. 23), Defendant's memorandum in opposition (ECF No. 27), and Plaintiffs' reply memorandum (ECF No. 30) ;

(2) Defendant's motion for summary judgment (ECF No. 26), Plaintiffs' memorandum in opposition (ECF No. 31); and Defendant's reply memorandum (ECF No. 32); and

(3) Plaintiffs' additional memorandum concerning cross-motions for summary judgment (ECF No. 36) and Defendant's reply memorandum (ECF No. 37).

For the reasons that follows, this Court **DENIES** Plaintiffs' motion for summary judgment (ECF No. 23) and **GRANTS** Defendant's motion for summary judgment (ECF No. 26).

### I.    Background

Defendant, the City of Columbus, provides limited refuse collection service to city residents. Citizens living in "multiple dwelling developments" can obtain such trash collection service provided the multiple dwelling development in which they live complies with the

Columbus City Codes, including Columbus City Code Chapter 1309.  That chapter sets forth specific requirements for dumpsters, dumpster pads, and similar features for a qualifying multiple dwelling development.  If a developer of a multiple dwelling development fails to request city services or if the developer fails to meet the Columbus City Code requirements to obtain service, then Defendant will not provide refuse collection services to that development.

Defendant also provides limited recycling services to city residents.  This voluntary curbside recycling program involves eligible residents using 64-gallon recycling containers, which they place on the curb.  Rumpke, a non-governmental company, then handles emptying the containers and recycling pursuant to a contract with the city.  In order to qualify for participation in the recycling service, residents must be serviced by the city for refuse collection using 90-gallon or 300-gallon containers.  With limited exceptions, properties that use dumpsters or compactors for refuse collection are not eligible for the recycling program.  Ineligible residents who seek to recycle must use free, public recycling drop-boxes at various locations around the city or pay a private contractor such as Rumpke for recycling services.

Plaintiffs, Thomas and Doris Dugan, are homeowners in the Hayden's Reserve Condominium Community in Columbus, Ohio.  Defendant does not provide refuse collection services to this complex on the grounds that the complex developer elected not to meet the qualifying Columbus City Code Chapter 1309 requirements.  Plaintiffs also do not receive the city recycling services because Hayden's Reserve Condominium Community is not eligible to participate in the program.  In a two-count complaint, Plaintiffs allege that Defendant's failure to allow them to participate in both programs constitutes due process and equal protection violations.  (ECF No. 2.)  Both sides have filed cross-motions for summary judgment on

2

Plaintiffs' claims. (ECF Nos. 23, 26.) The parties have completed briefing on the motions, which are ripe for disposition.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

> Plaintiffs assert procedural due process claims under 42 U.S.C. § 1983, which provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  Thus, in order to prevail on their § 1983 claims, Plaintiffs must show that, while acting under color of state law, Defendant deprived them of a right secured by the Federal Constitution or laws of the United States.  *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992).

The right to which Plaintiffs direct this Court arises from Section 1 of the Fourteenth Amendment, which provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

To establish a procedural due process claim pursuant to § 1983, a plaintiff must prove three elements: (1) that he or she has a life, liberty, or property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution, (2) that he or she was deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the governmental actor did not afford him or her adequate procedural rights prior to the deprivation of the protected interest.  *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citing *Zinermon v. Burch*, 494 U.S. 113, 125-26

4

(1990)). Regarding the third element, the Sixth Circuit has held that "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).

Plaintiffs have failed to direct this Court to any authority supporting the contention that they have a property interest in refuse collection services or city-funded recycling services. Plaintiffs attempt to spin the rights claimed by characterizing what has transpired as Defendant electively providing and then withdrawing from specific residents a right to refuse collection and recycling services. This characterization is too simplistic, if not disingenuous. Plaintiffs are not asking for Defendant to provide refuse collection services or city-funded recycling services generally. Plaintiffs can receive these services if they meet Defendant's eligibility requirements. What Plaintiffs are claiming is that they have a property interest in receiving these services *in the manner in which Plaintiffs want to receive them*—in other words, without being required to satisfy the general eligibility requirements that apply to all residents. But Plaintiffs have not pointed to any authority, and this Court's efforts have uncovered no authority, supporting the proposition that such individualized preferences constitute property interests. Thus, even if there could be a property interest in obtaining refuse collection services or city-funded recycling services generally, there is no property interest in obtaining them in any particular manner or in accordance with the select preferences of any individual resident. Defendant is therefore entitled to summary judgment on Plaintiffs' due process claims based on want of an actionable property interest being asserted.

Plaintiffs also allege violations of their right to substantive due process and equal protection. None of these claims evade summary judgment in favor of Defendant.

The Sixth Circuit has explained that "[t]he Fourteenth Amendment prohibits any State from 'depriv[ing] any person of life, liberty, or property, without due process of law.' " *Systematic Recycling LLC v. City of Detroit*, No. 13-1334, 2015 WL 3620267, at *6 (6th Cir. June 10, 2015) (quoting U.S. Const. amend. XIV, § 1). The substantive due process component of this right has been defined as "[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed ." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992) (internal quotation marks and citation omitted). The court of appeals has further explained that "[s]ubstantive due process claims may be loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.' " *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997). The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994). As a general matter, federal courts have "been reluctant to expand the concept of substantive due process because the guideposts for responsible decision-making in this unchartered area are scarce and open-ended." *Id.* at 271-72.

Two threshold comments are warranted. First, no reasonable juror could conclude that the conduct about which Plaintiffs complain here shocks the conscience. Second, there is no fundamental right to refuse collection services or city-funded recycling services (much less in a specific way as dictated by residents). *Cf. Goldstein v. City of Chicago*, 504 F.2d 989, 991-92

(7th Cir. 1974) ("Nor is the right to public garbage collection a fundamental right, such as the right to travel interstate or the right to vote.").

The consequent test that applies to due process claims such as that found here has been explained as follows:

> Where, as here, an ordinance "does not proscribe fundamental liberties," it may "nonetheless violate[ ] the Due Process Clause where it imposes burdens without any rational basis for doing so." *Sheffield v. City of Fort Thomas*, 620 F.3d 596, 613 (6th Cir.2010) (quoting *United States v. Comstock,* 560 U.S. 126, 150, 130 S.Ct. 1949, 176 L.Ed.2d 878 (2010) (Kennedy, J., concurring) (internal quotation marks omitted)). "This standard is highly deferential; courts hold statutes unconstitutional under this standard of review only in rare or exceptional circumstances." *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 501 (6th Cir. 2007).  "Under rational basis scrutiny, government action amounts to a constitutional violation only if it is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007) (internal quotation marks omitted).  "[T]he burden is on [the plaintiff] to show that there is no rational connection between the enactment and a legitimate government interest." *Sheffield*, 620 F.3d at 613 (internal quotation marks omitted).

*Shoemaker v. City of Howell*, 795 F.3d 553, 566-67 (6th Cir. 2015).  The rational basis test also applies to Plaintiffs' equal protection claims.

The right to equal protection similarly arises from the Fourteenth Amendment.  The Sixth Circuit has explained the inquiry equal protection claims necessitate:

> "The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws.' U.S. Const. amend. XIV, § 1.  The Supreme Court has stated that this language 'embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly.' " *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005) (quoting *Vacco*, 521 U .S. at 799, 117 S.Ct. 2293).  To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a

fundamental right, targets a suspect class, or has no rational basis. *Id.; see also TriHealth, Inc.*, 430 F.3d at 788.

*Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006). In other words, "[t]he government . . . may not distinguish among individuals in a way that 'burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.' " *Heike v. Guevara*, 519 F. App'x 911, 918 (6th Cir. 2013) (quoting *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cty.*, 430 F.3d 783, 788 (6th Cir. 2005)). Because Plaintiffs do not allege conduct that involves a fundamental right or targets a suspect classification, the rational basis test and not strict scrutiny applies here. *See Goldstein*, 504 F.2d at 991.

The Sixth Circuit has explained that, when the rational basis test applies to equal protection claims, a plaintiff must "demonstrate that government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc.*, 430 F.3d at 788. Only the former path applies here, which means that, "[t]o prevail, [Plaintiffs] must demonstrate that the different treatment they were subjected to is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the [government's] actions were irrational." *Id.*

Even assuming *arguendo* that a property interest exists in regard to the substantive due process claim, Defendant is also entitled to summary judgment on Plaintiffs' substantive due process and equal protection claims. This is because Defendant has offered a reasonable explanation for the complained-of conduct that passes the rational basis test: the eligibility

8

requirements for city refuse collection and city recycling exist to promote safety and safeguard the city's limited resources.  Defendant explains that the layout and design of multiple dwelling developments often limits the space available for collection trucks to maneuver and collect refuse in an efficient and safe manner.  Should accidents occur, the city might expose itself to liability, thereby undercutting the cost-efficient provision of services.  The Columbus City Code Chapter 1309 eligibility provisions is a way to address this issue; those multiple dwelling developments that meet the eligibility requirements present locations furthering safe and economically responsible refuse collection, while those locations that do not meet the requirements present risks to be avoided.  Similarly, these same safety and cost-of-accident considerations inform Defendant's recycling decisionmaking.  Defendant has elected to pay Rumpke to provide curbside service for qualifying residents.  Non-qualifying residents fall outside the plan and save the city money.  Such rational economic decisions are outside the scope of judicial second-guessing.

 Plaintiffs do not believe that these safety and related economic considerations actually exist.  They also argue that Defendant is simply suggesting reasons to explain the governmental practices at issue without the reasons actually motivating the policies and actions involved.  In making these arguments, Plaintiffs rely on their own anecdotal experiences to assert that the private collector that has been servicing them for years regularly maneuvers within their condominium complex and even turns around in the complex driveways without incident.  Two reasons puncture this fallacious reasoning.

 First, just because an accident has not happened does not mean that concern for such potential accidents and adverse fiscal consequences are irrational.  Second, Plaintiffs have failed

9

to negate the reasons proffered by Defendant, and it does not matter whether these reasons actually motivated the governmental choices made.

It is well settled that "[t]hose attacking the rationality of a government action under the rational basis standard bear the burden 'to negative every conceivable basis which might support it.' " *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993)). Plaintiffs' "actual risk" and "actual motivation" arguments are of little value because "[u]nder rational basis review, it is 'constitutionally irrelevant [what] reasoning in fact underlay the legislative decision.' " *Am. Exp. Travel Related Servs. Co., Inc. v. Kentucky*, 641 F.3d 685, 690 (6th Cir. 2011) (quoting *Craigmiles v. Giles*, 312 F.3d 220 224 (6th Cir. 2002) (some internal quotation marks omitted)). The Court is necessarily satisfied with Defendant's " 'rational speculation' linking the [conduct] to a legitimate purpose, even 'unsupported by evidence or empirical data.' " *Id.* (quoting *Craigmiles*, 312 F.3d at 224 (internal quotation marks omitted)). The refuse collection plan and city-funded recycling plan therefore survive rational-basis scrutiny if they "can be upheld under any plausible justification offered by [Defendant], or even hypothesized by the court." *Id.*

The Sixth Circuit has explained that "to pass rational-basis scrutiny, [the governmental plans] need not be supported by scientific studies or empirical data; nor need they be effective in practice." This is because " '[i]t is enough that there is an evil at hand for correction, and that it might be thought that the particular [governmental] measure was a rational way to correct it.' " *Sheffield*, 620 F.3d at 614 (quoting *Kutrom Corp. v. City of Center Line*, 979 F.2d 1171, 1174 (6th Cir. 1992) (some internal quotation marks omitted)). Defendant has offered that the distinctions that render some residents ineligible for refuse collection services or city-funded

10

recycling services promote safety and protect the city's limited resources. It does not matter if these reasons actually motivated the city's decisionmaking or whether the assumptions underlying these reasons are flawed. *See, e.g., TriHealth, Inc.*, 430 F.3d at 790 (explaining that the rational basis test "is 'a paradigm of judicial restraint,' growing out of recognition that 'equal protection is not a license for courts to judge the wisdom, fairness or logic of legislative choices' " (quoting *Beach Commc'ns*, 508 U.S. at 313-14)). What matters is that these presumptively valid, legitimate reasons provide a rational basis for the policies and practices that Plaintiffs target and entitle Defendant to summary judgment on the substantive due process and equal protection claims.

One final point is necessary. Citing Aristotelian logic and textual analysis, Plaintiffs argue that their condominium complex cannot be understood to include each residence located in that complex. According to Plaintiffs, this means that their home cannot fall under the requirements of Columbus City Code Chapter 1309. This creative albeit painful argument is without merit. Construing the city code in such a manner would render Chapter 1309 pointless, and courts avoid absurd results in construing legislative enactments. *See Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 274 F.3d 377, 398 (6th Cir. 2001) (" '[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.' " (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982))).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for summary judgment

11

(ECF No. 23) and **GRANTS** Defendant's motion for summary judgment (ECF No. 26).  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

                                            /s/ Gregory L. Frost
                                    GREGORY L. FROST
                                    UNITED STATES DISTRICT JUDGE